RECEIVED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

2009 MAY 29  PM 2: 08

ST
FOR THE
DISTRICT

| | | |
|---|---|---|
| VICTOR ADAMS, JR., SHEILA BAKER, MELISSA MANLEY, and DARREN JOHNSON | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE CITY OF GARY, FORMER GARY POLICE CHIEF THOMAS HOUSTON, FORMER DEPUTY GARY POLICE CHIEF THOMAS BRANSON, GARY POLICE SERGEANT THOMAS DECANTER, and UNKNOWN GARY POLICE OFFICERS, | ) ) ) ) ) ) ) ) | **2  0 9 C V   1 5 2** |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, VICTOR ADAMS, JR., SHEILA BAKER, MELISSA MANLEY, and

DARREN JOHNSON, by their attorneys, LOEVY & LOEVY, complain of Defendants, CITY

OF GARY, FORMER GARY POLICE CHIEF THOMAS HOUSTON, FORMER GARY

DEPUTY POLICE CHIEF THOMAS BRANSON, GARY POLICE SERGEANT THOMAS

DECANTER, and UNKNOWN GARY POLICE OFFICERS (collectively, "Individual

Defendants") and state as follows:

### Introduction

1.     This case concerns violent and unconstitutional abuse of police power by

members of the Gary, Indiana Police Department, including by the highest member of the

Department, then-Chief of Police Thomas Houston.

2.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

3.      This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331 and 1367.

4.      Venue is proper under 28 U.S.C. Section 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

### Background

5.      On June 1, 2007, Plaintiff Victor Adams, Jr. ran into an old friend, Plaintiff Melissa Manley, at a bus station in Gary.  Melissa asked Mr. Adams to walk her back to her mother's house, where Melissa was headed for a visit.  Mr. Adams agreed.

6.      When Mr. Adams arrived at the home of Melissa's mother, Plaintiff Sheila Baker, he stopped in to spend time with Melissa and Ms. Baker.  They all sat in the living room and talked.  Also at home was Plaintiff Darren Johnson, who lived at Ms. Baker's house and was the long-time boyfriend of Sheila Baker's other daughter.

7.      Shortly thereafter, without any warning, three men burst into the house.

8.      Mr. Adams had never seen these people before.  The three men, dressed in street clothes, were in fact top officials of the Gary Police Department: Defendants Chief Thomas Houston, Deputy Chief Thomas Branson, and Sergeant Thomas Decanter, who served as "special assistant" to Houston and Branson.

2

9.     Defendant Houston immediately grabbed Mr. Adams by the neck, and began to choke him and punch him in the face and stomach. Mr. Adams is 5 feet 4 inches tall, and Chief Houston stands well above six feet.

10.    Defendant Houston screamed at Mr. Adams, accusing him of stealing, and then threw him across the room.

11.    Mr. Adams told Defendant Houston that he had not done anything wrong.

12.    Defendant Decanter pointed his gun at Mr. Adams and threatened to shoot him. Sergeant Decanter then handcuffed Mr. Adams.

13.    Defendant Houston slapped Melissa Manley in the face, and when Ms. Manley told the police chief that she was pregnant, he responded by punching her in her stomach and saying words to the effect of: "I don't give a fuck. I'll punch the bastard baby out of you."

14.    Darren Johnson was ordered onto his knees by Defendant Branson, who then handcuffed him. Then, officers Branson and Decanter dragged Mr. Johnson and Mr. Adams outside, to the side yard of Ms. Baker's house.

15.    Chief Houston then punched the handcuffed Mr. Adams in the jaw, knocking him over, and proceeded to kick Mr. Adams in the stomach and head. Defendant Houston then stood squarely on Mr. Adams' head with both of his feet.

16.    The Defendants threatened to kill both Mr. Adams and Mr. Johnson, promising that no one would do anything about it if they buried them underground.

17.    Defendant Houston grabbed Mr. Johnson's face and squeezed it. Defendants Decanter and Branson then took Mr. Johnson to the back of the house, and Decanter struck him on the arm with a branch, leaving a welt. The Defendants repeatedly interrogated Mr.

3

Johnson about who took Houston's property. Mr. Johnson knew nothing regarding what they were talking about, and told them so.

        18.    In response, the Defendants slammed Mr. Johnson face-first, while handcuffed, into the side of the house. Mr. Johnson is 5'2" and 120 pounds. Since the battery, Mr. Johnson has suffered from headaches and impaired vision.

        19.    Despite having no warrant or justification for entering Ms. Baker's house, the Defendants ransacked the house, damaging property.

        20.    The Defendants then took all four Plaintiffs to the police station. When Ms. Baker expressed fear and concern about being arrested for no reason, Defendant Houston cursed at her and used numerous slurs. Mr. Houston later threatened her, stating that if she did not leave Gary he would blow up her house.

        21.    At the station Ms. Baker, who is in her fifties and suffers from disabilities, was forced to lay directly on the concrete floor in a holding cell. She was held in the cell for many hours. On her release, she was not charged with any crime.

        22.    The other Plaintiffs were not released with Ms. Baker. Instead, for the next four days, the Defendants illegally held Mr. Adams, Mr. Johnson, and Ms. Manley in cells. The Defendants did not let them make any phone calls, nor did they ever take them before a judge.

        23.    In the lockup, Ms. Manley's stomach began to hurt, and she began to spit up blood. Ms. Manley asked Chief Houston to be taken to the hospital. Despite the fact that she was pregnant, the chief denied her request. Defendant Houston also threatened Ms. Manley, telling her that she would be killed if she pressed charges against him.

4

24.     Mr. Adams' stomach also began to hurt severely in detention, and he too began to spit up blood. However, when paramedics arrived to treat Mr. Adams, Chief Houston prevented Mr. Adams from seeing them by making a threat. Specifically, Defendant Houston said words to the effect that he "was going to do something" to Mr. Adams if he let the paramedics treat him.

25.     Feeling very frightened, Mr. Adams returned to his cell, and received no medical attention.

26.     At another point during Mr. Adams' four-day detention, an officer escorted him to an empty hallway, and left. Defendant Houston was there. Chief Houston told Mr. Adams that he was going to shoot him in the head, and that this was his last chance to tell him whether he knew anything about a burglary at his house. Mr. Adams was extremely frightened, as he knew nothing about a burglary.

27.     Mr. Johnson also asked to see a doctor while at the police station, to treat the welt on his arm, and was denied.

28.     Defendant Houston came to see Mr. Johnson days into his detention and threatened him, saying words to the effect of: "when you get out of here, you are going to have to leave the fuck out of Gary." The Chief also threatened to rape Mr. Johnson's girlfriend, referring to her by name.

29.     When the Defendants finally freed the Plaintiffs, days after they took them from Ms. Baker's home, they did not charge them with any crime.

30.     Upon release, Mr. Adams went to the hospital, and then reported the Plaintiffs' ordeal to the Federal Bureau of Investigations.

5

31.     The F.B.I. then launched an investigation into Mr. Adams' claims, resulting in the federal indictment of Defendants Houston, Branson and Decanter for violating the civil rights of Mr. Adams, Mr. Johnson, Mr. Baker, and Ms. Manley.  Defendant Houston resigned from the Department less than a week later.

32.     In 2008, Defendant Houston was convicted by a federal jury of violating Mr. Adams' civil rights.  In April 2009, he was sentenced by Judge Moody to almost three and a half years in prison, along with two years of supervised release.

## Count I -- 42 U.S.C. § 1983
## Excessive Force

33.     Each Paragraph of this Complaint is incorporated herein.

34.     As described above, the conduct of one or more of the individual Defendants constituted excessive force in violation of the United States Constitution.

35.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' rights.

36.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Gary Police Department in that:

a.     As a matter of both policy and practice, the Gary Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

6

b.      As a matter of both policy and practice, the City of Gary facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Gary Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Gary Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the Gary Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.      Gary policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Gary Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e.      The City of Gary has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

38.      As a result of the individual Defendants' unjustified and excessive use of force and the City's policy and practice, Plaintiffs have suffered pain and injury, including emotional distress.

### Count II -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

39.      Each Paragraph of this Complaint is incorporated herein.

40.    As described more fully above, the individual Defendants falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

41.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

42.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

43.    As a result of the unjustified violation of Plaintiffs' rights by the individual Defendants, undertaken pursuant to the City's policy and practice as described above, Plaintiffs has suffered injury, including emotional distress.

### Count III -- 42 U.S.C. § 1983
### Fourth Amendment

44.    Each Paragraph of this Complaint is incorporated herein.

45.    As described more fully above, the home of Plaintiffs Sheila Baker and Darren Johnson was entered and searched by the Defendants in a manner which violated the Fourth Amendment, specifically with no warrant or lawful justification.

46.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

47.    As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

8

## Count IV -- 42 U.S.C. § 1983
## Unreasonable Search and Seizure

48.     Each Paragraph of this Complaint is incorporated herein.

49.     As described above, the individual Defendants seized and searched

Plaintiffs for no purpose and with no lawful justification.

50.     The misconduct described in this Count was objectively unreasonable and

was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

51.     The misconduct described in this Count was undertaken with malice,

willfulness, and reckless indifference to the rights of others.

52.     The misconduct described in this Count was undertaken under the policy

and practice of the Gary Police Department in the manner described above.

53.     As a result of this misconduct, Plaintiffs suffered physical and emotional

injuries, loss of income, and other damages.

## Count V -- 42 U.S.C. § 1983
## Denial of Medical Attention

54.     Each Paragraph of this Complaint is incorporated herein.

55.     As described more fully above, while incarcerated illegally for four days at

a Gary police station, Plaintiffs were denied all necessary medical attention.

56.     In this manner, the conduct of the individual Defendants was objectively

unreasonable and they were deliberately indifferent to Plaintiffs' objectively serious medical

needs.

9

57. As a result of the Defendants' objectively unreasonable conduct and deliberate indifference to his necessary medical needs, Plaintiffs suffered damages, including but not limited to physical injury and mental distress.

### Count VI -- 42 U.S.C. § 1983
### Failure to Intervene

58. Each Paragraph of this Complaint is incorporated herein.

59. As described more fully above, one or more individual Defendants had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had they been so inclined, but failed to do so.

60. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

61. As a result of the individual Defendants' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count VII -- State Law Claim
### Assault and Battery

62. Each Paragraph of this Complaint is incorporated herein.

63. As described in the preceding paragraphs, the conduct of one or more individual Defendants, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

10

65. As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Plaintiffs sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

## Count VIII -- State Law Claim
## False Imprisonment

66. Each Paragraph of this Complaint is incorporated herein.

67. Plaintiffs were arrested and imprisoned without consent, and thereby had their liberty to move about unlawfully restrained, despite the individual Defendants' knowledge that there was no probable cause for doing so.

68. The individual Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights and to the rights of others.

69. As a result of the above-described wrongful infringement of Plaintiffs' rights, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

## Count IX -- State Law Claim
## Respondeat Superior

70. Each Paragraph of this Complaint is incorporated herein.

71. In committing the acts alleged in the preceding paragraphs, the individual Defendants were members and agents of the Gary Police Department acting at all relevant times within the scope of their employment.

72. Defendant City of Gary is liable as principal for all torts committed by its agents.

11

## Count X -- State Law Claim
## Indemnification

73.    Each Paragraph of this Complaint is incorporated herein.

74.    In Indiana, public entities are directed to pay judgments of civil rights violations to which present or former public employees are liable, including such civil rights violations as described in this Complaint. IC §34-13-4-1, Personal Civil Liability Under Civil Rights Laws of Employee Acting Within Scope of Employment.

75.    Defendants HOUSTON, DECANTER, and BRANSON, and as-yet unidentified Gary agents are or were employees of the City of Gary, and acted willfully, wantonly and within the scope of their employment in committing the acts and omissions described herein.

WHEREFORE, VICTOR ADAMS, JR., SHEILA BAKER, DARREN JOHNSON and MELISSA MANLEY respectfully request that this Court enter judgment in his favor and against Defendants, THE CITY OF GARY, FORMER GARY POLICE CHIEF THOMAS HOUSTON, FORMER GARY DEPUTY POLICE CHIEF THOMAS BRANSON, GARY POLICE SERGEANT THOMAS DECANTER, and UNKNOWN GARY POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against THOMAS HOUSTON, THOMAS BRANSON, THOMAS DECANTER and UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

12

## JURY DEMAND

Plaintiffs hereby demands a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b) on all issues so triable.


RESPECTFULLY SUBMITTED,


Attorneys for Plaintiffs


Arthur Loevy, filing *pro hac vice*
Jon Loevy
Samantha Liskow, filing *pro hac vice*
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900


13